1
2
3
4
5
6
7
8
9                        UNITED STATES DISTRICT COURT

10                      SOUTHERN DISTRICT OF CALIFORNIA

11

12   UNITED STATES OF AMERICA,               Case No.: 3:09-cr-00365-BTM

13                                           **ORDER DENYING DEFENDANT'S**
14     v.                                    **MOTION TO CORRECT**
                                             **CLERICAL ERROR**
15   TRAVIS CHELBERG,
16                         Defendant.        **[ECF No. 250]**

17

18

19

20        Before the Court is Defendant Travis Chelberg's Motion to Correct Clerical

21   Error pursuant to Federal Rule of Criminal Procedure 36.  (ECF No. 250.)  Therein,

22   Defendant argues that the Judgment entered against him in this matter (ECF No.

23   173) must be corrected because it does not explicitly state the credit he was

24   purportedly supposed to receive for time spent in official detention prior to the

25   commencement of his sentence pursuant to 18 U.S.C. § 3585(b).  Defendant

26   asserts that this "error" has resulted in the Federal Bureau of Prisons' ("FBOP")

27   mistaken calculation of such credit.

28        Defendant proceeds under Federal Rule of Criminal Procedure 36, which

                                       1

grants courts the authority to correct clerical errors in their judgments or otherwise correct errors in the record arising from oversight or omission. Fed. R. Crim. P. 36. Because the Judgment does not include a computation of the credit or purport to apply one to Defendant's sentence, however, there is no clerical error to correct. Moreover, to the extent that Defendant argues that this Court erred by failing to include a calculation of the credit in the Judgment, this Court had no authority to calculate or otherwise grant him such credit and therefore it was not an oversight or omission. *See United States v. Wilson*, 503 U.S. 329, 333 (1992) ("A district court . . . cannot apply § 3585(b) at sentencing."). Rather, the Attorney General, through the FBOP, has the responsibility for computing and awarding credit. *Id.; United States v. Martinez*, 837 F.2d 861, 865–66 (9th Cir. 1988) ("The courts have original jurisdiction only over the imposition of sentence, not over its computation: It is the administrative responsibility of the Attorney General, the Department of Justice, and the Bureau of Prisons to compute sentences and apply credit where it is due. It is not the province of the sentencing court." (internal quotations and citations omitted)). Accordingly, Rule 36 is inapposite.

To the extent that Defendant believes that the FBOP has erroneously calculated such credit or otherwise misapplied Section 3585(b), he must, after exhausting his administrative remedies, petition for writ of habeas corpus. *See, e.g.*, *Mills v. Taylor*, 967 F.2d 1397 (9th Cir. 1992), abrogated on other grounds by *Reno v. Koray*, 515 U.S. 50 (1995). Moreover, because Defendant's arguments challenge the execution of his sentence, as opposed to its underlying validity, he must travel under 28 U.S.C. § 2241 in the judicial district in which he is currently incarcerated. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." (citations omitted)).

Based upon the foregoing, Defendant's motion (ECF No. 250) is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 16, 2019

Honorable Barry Ted Moskowitz
United States District Judge

3:09-cr-00365-BTM