UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TRAVIS CHELBERG,<br><div align="right">Defendant.</div> | Civ. Case No. 3:19-cv-02046-BTM<br>Crim. Case No. 3:09-cr-00365-BTM<br><br>**ORDER REFERRING SUCCESSIVE 28 U.S.C. § 2255 PETITION TO NINTH CIRCUIT**<br><br>**[Crim. Case, ECF Nos. 263, 265]** |

Before the Court are Defendant Travis Chelberg's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (the "§ 2255 Motion") and motion to supplement the § 2255 Motion (the "Motion to Supplement"). (Crim. Case, ECF Nos. 263, 265.) As previously explained to Defendant, however, "this Court lacks jurisdiction over a second or successive § 2255 motion until: (1) Defendant moves in the appropriate court of appeals for an order authorizing this Court to consider such petition; and (2) the appropriate court of appeals grants such application." (Crim. Case, ECF No. 260, at 2 (citing *United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011); *see also* Crim. Case, ECF No. 197 (Order denying Defendant's original § 2255 motion); Crim. Case, ECF No. 230

(Ninth Circuit's Mandate on Defendant's original § 2255 motion).) Indeed, "[a]n applicant seeking authorization to file a second or successive 28 U.S.C. § 2254 petition or 28 U.S.C. § 2255 motion in the district court must file an application in the court of appeals demonstrating entitlement to such leave under sections 2254 or 2255." 9th Cir. R. 22-3(a); *see also* 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h))); Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 9 ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8."). Because Defendant fails to demonstrate that he has obtained the Ninth Circuit's authorization to file the § 2255 Motion in this Court, this Court presently lacks jurisdiction over the § 2255 Motion. Because the Court lacks jurisdiction over the § 2255 Motion, it also lacks jurisdiction to consider subordinate motions concerning the § 2255 Motion, including the Motion to Supplement. *See, e.g., United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) ("When a statute removes jurisdiction over a particular type of case from the district courts, it must by necessity also remove from the district courts' consideration motions for the appointment of counsel to file the particular claims over which the district courts lack jurisdiction."). Although the Court is authorized to dismiss without prejudice the § 2255 Motion and Motion to Supplement for lack of jurisdiction, the Court elects instead to refer these motions to the Ninth Circuit for resolution because it has already referred prior related motions to the Ninth Circuit for resolution.[1] (*See*

---

[1] On September 26, 2019, the Court received Defendant's (i) Motion for Extension of Time to File His Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. 2255 Second or Successive Motion (the "Motion for Extension"); (ii) Motion for Appointment of Counsel 18 U.S.C. 3006A (the "Motion to Appoint Counsel"); and (iii) Motion for Permission from the District Court to File a 28 U.S.C. 2255 Motion in the U.S. District Court (the "Motion for Permission", and together

Crim. Case, ECF No. 260.) Accordingly, based upon the foregoing, the Court **REFERS** the § 2255 Motion (Crim. Case, ECF No. 263) and the Motion to Supplement (Crim. Case, ECF No. 265) to the Ninth Circuit for resolution.[2]

**IT IS SO ORDERED.**

Dated: November 4, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge

---

with the Motion for Extension and Motion to Appoint Counsel, the "Prior Motions"). (Crim. Case, ECF No. 253.) In the Prior Motions, Defendant announced his intentions to subsequently file a successive § 2255 motion. The instant § 2255 Motion appears to be the successive § 2255 motion foretold by the Prior Motions. Because the Court lacked jurisdiction over any successive § 2255 motion that had not received authorization from the Ninth Circuit, the Court referred the Prior Motions to the Ninth Circuit for resolution on October 7, 2019. (Crim. Case, ECF No. 260.)

[2] "If an application for authorization to file a second or successive section 2254 petition or section 2255 motion is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." 9th Cir. R. 22-3(a); *see also* 9th Cir. R. 22-3, Cir. Adv. Commit. N. ("The district court is required to transfer mistakenly filed applications for authorization to file a second or successive section 2254 petition or 2255 motion. If an applicant files a document that appears to be an unauthorized section 2254 petition or 2255 motion and facially alleges a claim based on a new rule of constitutional law or newly discovered evidence of actual innocence, the district court may transfer the filing to the court of appeals in the interests of justice or, in the alternative, the district court may dismiss the filing without prejudice to the applicant seeking authorization from the court of appeals on Ninth Circuit Form 12. The rule requires applicants to provide the court of appeals with the proposed petition or motion. Pro se applicants are encouraged to use the form petition or motion adopted by the district court where the applicant anticipates filing the document.").