UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS CHELBERG,<br>　　　　　　　　Petitioner,<br>v.<br>L. Williams,<br>　　　　　　　　Respondent. | Crim. Case No.  3:09-cr-365-BTM<br>Civil Case No. 3:20-cv-1649-BTM<br><br>**ORDER DISMISSING HABEAS PETITION AND DENYING ALL PENDING MOTIONS**<br><br>**[Civil Case Nos. 1, 5, 8]** |

## BACKGROUND

Petitioner Travis Chelberg, who is proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (Civ. Case, ECF No. 1.) [1]  He is currently incarcerated at the Metropolitan Correctional Center in San Diego, California.  (*Id.*)  On December 3, 2010, Mr. Chelberg pled guilty to one count of assault with the intent to commit a felony (witness tampering), in violation of 18 U.S.C. §§ 113(a)(2) and 7(3), and one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (Crim. Case, ECF Nos. 127, 129, 130.)  Mr. Chelberg's plea agreement established that he qualified for a career

---

[1] The petition was initially dismissed for failure to pay the filing fee.  (ECF No. 2.)  Mr. Chelberg has since paid the filing fee.  (ECF No. 3.)

offender enhancement under U.S.S.G. § 4B1.1.  (Crim Case, ECF No. 129, at 7–8.)  As part of the plea agreement, Mr. Chelberg waived any right to appeal or to collaterally attack his conviction or sentence.  (*Id.*)  On February 24, 2012, the Court sentenced Mr. Chelberg to a term of 168 months in accordance with the joint recommendation of the parties after he was classified as a career offender. (Crim. Case, ECF Nos. 169, 173.)  He did not directly appeal the conviction or sentence.

On February 25, 2013, Mr. Chelberg filed a motion for post-conviction relief under 28 U.S.C. § 2255.  (Crim. Case, ECF No. 181.)  Mr. Chelberg argued that one of his predicate prior felony convictions could not properly be counted when applying the career offender sentencing enhancement and therefore argued that the attorney who negotiated the plea agreement and represented him at the sentencing hearing provided ineffective assistance of counsel by advising him to admit career offender status.  (*Id.* at 4.)  This Court denied the § 2255 motion and granted a certificate of appealability as to that issue.  (Crim. Case, ECF No. 197.)  The Ninth Circuit affirmed. (Crim. Case, ECF No. 230.)

On April 22, 2019, Mr. Chelberg filed a petition for post-conviction relief under 28 U.S.C. § 2241 again arguing that the career offender enhancement was improperly applied at sentencing.  (Case No. 3:19-cv-0748-BTM, ECF No. 1.)  He also argued that his conviction under 18 U.S.C. § 113(a)(2) does not qualify as a "crime of violence" for purposes of U.S.S.G. § 4B1.1 in light of the Ninth Circuit's decision in *United States v. Dominguez-Maroyoqui*, 748 F.3d 918 (9th Cir. 2014). (*Id.* at 4–5.)  The Government filed a motion to dismiss the petition for lack of jurisdiction.  (Case No. 3:19-cv-0748-BTM, ECF No. 15.)  Mr. Chelberg subsequently filed numerous requests to amend his petition, supplemental briefing in support of his petition, and responses in opposition to the Government's motion to dismiss. (Case No. 3:19-cv-0748-BTM, ECF No. 18, 20, 22, 24, 26; Crim. Case, ECF No. 248.)  He raised additional challenges to the validity of his detention, specifically that the Court had improperly concluded that Mr. Chelberg had at least

two predicate prior felony convictions of either a crime of violence or a controlled substance offense for the purposes of U.S.S.G. § 4B1.1 because: (i) one such conviction was insufficiently serious and/or too old to be considered; and (ii) the Court improperly relied upon either insufficient or altered documents in determining that Mr. Chelberg had in fact been convicted of such prior felonies.  (Case No. 3:19-cv-0748-BTM, ECF No. 22, at 3; Crim. Case, ECF No. 248, at 2.)

This Court granted the Government's motion and dismissed Mr. Chelberg's § 2241 petition because his arguments consisted of purely legal issues concerning his sentencing that were not appropriately heard under § 2241 or qualified for relief under § 2255's "escape hatch" criteria.  (Case No. 3:19-cv-0748-BTM, ECF No. 30, at 5–6; Crim. Case, ECF No. 259.)

On September 24, 2020, Mr. Chelberg filed another § 2241 petition again claiming that that the career offender enhancement was improperly applied at sentencing. (Civil Case, ECF No. 1 ("Pet."), at 4–5).  Mr. Chelberg also moved for appointment of counsel (Civil Case, ECF No. 5), and requested a bail hearing pending adjudication of the 18 U.S.C. § 3582 petition in his criminal case.  (Civil Case, ECF No. 8).

**Discussion**

1. Standard of Review

This court may entertain a petition for writ of habeas corpus from a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  The court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

A federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States,

or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez,* 908 F.2d 490, 491 (9th Cir.1990).

2. Analysis

Mr. Chelberg's petition challenges this Court's application of the sentencing guidelines. (Pet., at 2.)  Specifically, he is asking the Court to reconsider his career offender enhancement.  (*Id.* at 4–5.)

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions."  Review of the manner of execution of a federal sentence is properly brought as a petition under 28 U.S.C. § 2241. *See United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984).  "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Because Mr. Chelberg is attacking the legality of his sentence rather than the execution, a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is the proper vehicle. *See Grady v. United States,* 929 F.2d 468, 470 (9th Cir.1991) (challenge to sentence following probation or parole revocation must be brought in sentencing court via § 2255 motion); *Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir.1988) (challenge to legality of conviction must be brought in sentencing court via § 2255 motion); *see also United States v. Flores,* 616 F.2d 840, 842 (5th

Cir.1980) (where challenge is to alleged errors at or prior to sentencing remedy is § 2255 motion, not § 2241 writ).

As the Court previously explained (Case No. 3:19-cv-0748-BTM, ECF No. 30, at 4–6; Crim. Case, ECF No. 259), a new § 2255 petition cannot be filed in this Court unless and until the petitioner first obtains authorization from the United States Court of Appeals for the Ninth Circuit.  28 U.S.C. §§ 2244(a), 2255; *see United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011).  Since this is not Mr. Chelberg's first § 2255 petition and he has not obtained authorization from the Ninth Circuit, the Court has no jurisdiction to hear his § 2255 motion, which he filed as a § 2241 petition, challenging his sentence. *See Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (A "habeas petitioner may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to 28 U.S.C. § 2241").

Accordingly, the petition is DISMISSED.  All pending motions are DENIED.

**IT IS SO ORDERED.**

Dated:  October 15, 2020

Honorable Barry Ted Moskowitz
United States District Judge